IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| SOUTH TEXAS CORRAL, LLC | § | |
| | § | |
| | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 25-10113 |

## **INTERIM ORDER ON AUTHORITY TO USE CASH COLLATERAL**
### **(Docket No. 4)**

The Court, having reviewed the pleading and after a hearing on _____ 2025, finds that a need exists to order the relief herein on an interim basis and that it is in the best interest of the Debtor, the Debtor's estate, and Debtor's creditors to authorize the use of cash collateral. Use of cash collateral is the only means available to the Debtor to finance its operation and that irreparable harm will result if Debtor is not permitted to use the cash collateral in the amounts set forth in the budget. It is accordingly,

**ORDERED** that the Debtor be authorized to use the cash collateral, including but not limited to, revenue collected in the ordinary course of business, through _____, 2025 in accordance with the provisions in the budget (See Exhibit "A"), for any budgeted item that is due and payable before the final hearing. It is

**FURTHER ORDERED** that as adequate protection for the use of Cash Collateral, the parties listed on Exhibit B of the motion are hereby granted replacement liens (the "Replacement Liens") on all post-petition cash collateral and post-petition acquired property to the same extent and priority they possessed as of the Petition Date. The Replacement Liens shall not attach to Chapter 5 causes of action. It is

**FURTHER ORDERED** the holders of allowed secured claims with a perfected security interest in Cash Collateral, if any, as that term is defined in the Code, shall be entitled to a replacement lien in post-petition accounts receivable, contract rights, and deposit accounts to the same extent allowed and in the same priority as those interests held as of the Petition Date, it is

**FURTHER ORDERED** that notwithstanding any limitations included in this Order, this Order is without prejudice to: (a) any subsequent request by a creditor of the Debtor for modified adequate protection or restriction on cash collateral; (b) a creditor's right to object to impermissible use of cash collateral; and (c) any other right or remedy which may be available to a creditor of the Debtor. It is

**FURTHER ORDERED**  that  nothing in this Order shall in any way constitute: (a) a finding of complete adequate protection of the interests of any creditor of Debtor or the lack thereof; (b) an agreement, consent, or acquiescence to the terms of any plan of reorganization by virtue of any term or provision of this order; (d) a preclusion or waiver to assert any other rights, remedies, or defenses available to any creditor of the Debtor to respond to any motion, application,

proposal, or other action, all such rights, remedies, defenses, and opportunities to respond being specifically reserved by the Debtor's creditors; or (e) a preclusion, waiver, or modification of any rights or remedies that the Debtor's creditors have under applicable law.  Nothing herein contained shall prejudice the right of the Debtor's creditors to seek modification, extension, or termination of this Order.  It is

**FURTHER ORDERED** that, notwithstanding anything herein to the contrary, the Replacement Liens and all other pre-petition liens of the secured parties are subject and subordinate to a carve-out of funds ("Carve Out") for all fees required to be paid to: (i) the Clerk of the Bankruptcy Court, (ii) the Office of the United States Trustee pursuant to Section 1930(a) of Title 28, U.S. Code, if any, (iii) all reasonable fees and expenses incurred by a trustee, if any, under section 726(b) of the Bankruptcy Code in an amount not exceeding $15,000.00, and (iv) all fees and expenses of the Subchapter V Trustee approved by the Court.  However, the Carve Out shall not be construed as a claim against either of the Lenders nor as a lien or other encumbrance on any of the Debtor's real property or tangible personal property.  It is

**FURTHER ORDERED** that a final hearing

1. On _____, 2025 at _____ a.m./p.m. (Central Standard Time), a final hearing on Cash Collateral shall be held before the United States Bankruptcy Court, Bobb Casey Federal Building, Courtroom #8B, 515 Rusk, Houston, Texas, 77002.

2. Pursuant to Bankruptcy General Order 2021-05 parties may either appear electronically or in person unless otherwise ordered by this Court.

3. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at 832-917-1510, conference room number 999276 and (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.

4. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII9b) regarding the exchange and submission of electronic exhibits.

5. No later than _____, 2025 Debtor must serve a copy of this Order on all parties entitled to notice of the hearing and file a certificate of service with the Clerk's Office.

Signed:

_____
Eduardo V. Rodriguez
Chief Judge United States Bankruptcy Court